Argued January 4, affirmed January 29, rehearing denied March 19, 1918.

# HILLS *v.* CAMPBELL.

(170 Pac. 298.)

**Landlord and Tenant—Right to Rescind Contracts—Fraud—Waiver.**

1.   Where a tenant was induced to lease an apartment house and purchase the furniture therein by fraud and false representations, and paid rent after full knowledge of the fraud, she waived her right to rescind.

[When, how and by whom right of rescission may be exercised, see note in 50 Am. Dec. 672.]

From Multnomah: HENRY E. McGINN, Judge.

Suit by Nancy A. Hills against Floyd J. Campbell to rescind a contract. From a decree dismissing the complaint and granting defendant the affirmative relief prayed for in his answer, plaintiff appealed. Affirmed.

Department 1.   Statement by MR. JUSTICE BENSON.

This is a suit to rescind a contract involving the alleged purchase of the furniture in an apartment house, and a lease of the building. The complaint alleges that the defendant was the owner of both, and that he induced her to enter into the contract by certain false and fraudulent representations as follows: (1) That the premises were free from bedbugs and other vermin; (2) that all of the 28 apartments were then filled with reliable tenants; (3) that the previous tenant had been taking in from $500 to $600 from the rentals of such apartments; (4) that the plumbing was adequate and in good repair; (5) that the fuel for heating the building would not cost more than $30 in any one month and that by covering the pipes and boilers with asbestos the cost could be materially reduced; (6) that the previous tenant was clearing at

the time of the sale, more than $250 per month and
that plaintiff could clear at least $350 per month on
an average; (7) that the furniture and other personal
property in the building were worth more than $1,600
and that if plaintiff would pay him $1,600 therefor he
would execute to her a valid bill of sale thereof, and
replace any and all articles named in the inventory
thereof which should be found missing; that he would
advise, counsel and assist plaintiff in the management
of the house, so that it should be a successful venture;
that plaintiff was ignorant of and without experience
in the management of an apartment house and so in-
formed defendant; that all the representations made
by defendant were false and fraudulent and made with
the intent to deceive plaintiff and that she relied upon
them and was injured thereby.   These allegations are
followed by averments to the effect that the house was
so infested with bedbugs as to render it valueless; that
the fuel cost was greatly in excess of the amount rep-
resented; that many of the tenants were nonpaying
"dummies"; that plaintiff refused to give her a bill
of sale of the personal property, failed to cover the
heating plant with asbestos and failed to fix the plumb-
ing.   It is asserted that many articles enumerated in
the bill of sale were never delivered; that she was de-
ceived into signing a lease containing terms to which
she had not assented; and that she was fraudulently
misled into executing a note and mortgage upon the
furniture purporting to secure the payment of the
monthly installments of rent.   After reciting various
items of damage, the complaint contains the following
averments as to rescission:

"That plaintiff as soon as she learned that said state-
ments and assertions made by defendant to her were
false and untrue demanded of the defendant the repay-
ment of the money that she had paid and the damages

that she had sustained, and offered to return to defendant all the said personal property in said 'Winston Apartments' and offered to surrender up the possession of said 'Winston Apartments' to the defendant. But the defendant refused to repay the plaintiff the said money she paid him, or the damages that she had sustained and refused to receive the return of said personal property or receive the surrender of the possession of the said 'Winston Apartments.' "

After denying all the allegations of the complaint, except the contract of leasing, the answer alleges that the personal property referred to was never owned by defendant, and was never sold by him, but was purchased by plaintiff from the former tenants, the Chrudinskys, from whom she received a bill of sale. Then follow the necessary allegations for affirmative relief upon the issue of rent due and the foreclosure of the chattel mortgage given to secure the same. Upon the trial, there was a decree dismissing plaintiff's complaint and granting the relief prayed for by defendant. Plaintiff appeals.          AFFIRMED.

For appellant there was a brief over the names of *Mr. W. E. Richardson, Mr. Samuel T. Richardson* and *Mr. A. R. Mendenhall,* with oral arguments by *Mr. W. E. Richardson* and *Mr. Samuel T. Richardson.*

For respondent there was a brief over the names of *Mr. Frank Schelgel, Mr. Claude Strahan* and *Mr. Waldamar Seton,* with oral arguments by *Mr. Schlegal* and *Mr. Strahan.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. The evidence in this case presents a startling array of contradictory testimony which cannot, in any man-

ner, be reconciled. Upon nearly all of the material issues the conflict is so glaring and complete that we are compelled to say that one line of testimony or the other must be willfully false. In many instances it is not possible to analyze the evidence in such a manner as to solve the mystery by applying the test of reasonableness or inherent probability. We shall, therefore, waste neither time nor space with an elaborate discussion of the evidence but shall content ourselves with a generalization of conclusions. The record does not sustain the contention that plaintiff purchased the personal property from defendant but rather than she got it from the Chrudinskys and so understood it and, with this, we dismiss all questions relating to the furniture and other chattels. Regarding the plumbing, we think it is clearly established that it was sufficient and satisfactory and that the difficulty in respect to it arose from the habit of the tenants in permitting various kinds of waste to get into the pipes, thereby choking them and retarding the flow toward the sewer. The other fraudulent representations are not established by a preponderance of the evidence, unless it be in relation to the bedbugs. With reference to this phase of the case, it may be said that there is no dispute as to the fact that the apartments were equipped with an exceptionally large and vigorous supply of this extremely unpleasant vermin, and it is also established that the defendant was informed upon the subject prior to his dealings with the plaintiff. He very positively denies, however, that the insects were mentioned during the negotiations with the plaintiff. The clash upon this disputed point is of small importance now for the plaintiff is very positive that she discovered their presence, and the falsity of defendant's alleged representations in regard to them,

on the first night she occupied the premises, which was on January 15th. During the first week of February, she paid a second month's rent in advance without making any demand for rescission upon that or any other ground. Indeed, the first reliable evidence of an intention to rescind is found in a letter written by her to the defendant, dated May 15th, which demanded as a part of the settlement a payment by him of the $1,600 which she had paid for the furniture and other chattels. The payment of rent, after full knowledge of the fraud, acts as a complete waiver of the right to rescind: *T. B. Potter Realty Co.* v. *Breitling,* 79 Or. 293, 305 (155 Pac. 179); 4 R. C. L., p. 514.

Taking into consideration all the established facts, we conclude that neither party is entitled to recover costs in either court; otherwise, the decree is affirmed.

AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.

———

Rehearing denied March 19, 1918.

PETITION FOR REHEARING.

(171 Pac. 565.)

*Mr. W. E. Richardson, Mr. S. T. Richardson* and *Mr. A. R. Mendenhall,* for the petition.

*Mr. Frank Schlegal, Mr. Claude Strahan* and *Mr. Waldemer Seton, contra.*

Department 1. MR. JUSTICE BENSON delivered the opinion of the court.

Plaintiff's petition for a rehearing contains a renewed and elaborate discussion of the evidence but as

to that feature presents nothing which has not already received our careful consideration and therefore we have nothing to add to our former opinion. Counsel further urge that the case of *Potter Realty Co.* v. *Breitling,* 79 Or. 293 (155 Pac. 179), cited in the original opinion herein, is inconsistent with the holding of this court in *Jones* v. *McGinn,* 70 Or. 236 (140 Pac. 994), *McGowan* v. *Willamette Valley I. L. Co.,* 79 Or. 454 (155 Pac. 705), and *Jeffreys* v. *Weekly,* 81 Or. 140 (158 Pac. 522). A careful examination of these cases fails to sustain counsel's contention. In each of these cases there was prompt effort at rescission immediately after discovery of the fraud, while in the case of *Potter Realty Co.* v. *Breitling, supra,* as in the case at bar, there was lack of promptness in repudiating the contract and acts inconsistent with an intent to disaffirm. The petition is denied.

AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., BURNETT and HARRIS, JJ., concur.